UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                        Chapter 11

TAMPA ENCLAVE 52 LLC,                   Case No. 09-15441 (ALG)

                               Debtor.
-------------------------------------------------------------x


**CONSENT ORDER GRANTING CONDITIONAL RELIEF
<u>FROM THE AUTOMATIC STAY</u>**

       THIS MATTER came before the Court upon the motion of Compass Bank ("Compass") dated October 14, 2009 pursuant to 11 U.S.C. § 362(d)(1)-(3) seeking the entry of an order granting relief from the automatic stay (i) to continue and conclude a stayed foreclosure sale of the above-captioned Debtor's single asset real estate pursuant to a *Final Judgment of Foreclosure* (the "Judgment") (attachment no. 3 to docket no. 7) obtained by Compass from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "State Court") captioned *Compass Bank v. Tampa Enclave 52, LLC; Viktor Construction, Inc., a/k/a Viktor Construction, Corp; The Promenade at Tampa Palms Condominium Association, Inc.; and Tampa Palms Area 3 Owners Association, Inc.*, bearing Case No. 08-27274 (the "Foreclosure Action") and (ii) to otherwise exercise its rights as secured lender under applicable law (the "Motion") (docket no. 8). The Debtor objected in writing to the Motion on November 3, 2009 (the "Objection") (docket no. 13). The Court conducted a hearing on November 4, 2009 with respect to the Motion (the "Hearing") at which appeared the Debtor and Compass by their respective counsel. For the reasons set forth by the Court on the record of the Hearing, the Court finds and determines that good and sufficient cause exists for the entry of this Order granting conditional relief from the automatic stay to Compass, with the consent of the Debtor and

Compass as stated by their respective counsel on the record of the Hearing, on the following terms and conditions.

THE COURT THEREFORE ORDERS AS FOLLOWS:

1. The Motion is granted to the extent set forth in this Order.

2. Unless (a) Compass or its counsel shall have filed with the Clerk of the Court, no later than 5:00 p.m. Eastern Time on November 25, 2009 (the "Expiration Date") a written notice indicating Compass' acceptance, ~~in Compass' absolute and sole discretion,~~ of a proposal made by or on behalf of the Debtor with respect to the sale or other disposition of the "Mortgaged Property" (as such term is defined in the *Affidavit Of Jerry Landowski* sworn to on October 8, 2009) (docket no. 7) on terms and conditions acceptable to Compass ~~in its absolute and sole discretion~~ (the "Notice of Acceptance"), or (b) prior to the Expiration Date the Court has approved an extension of the Expiration Date that has been agreed to in writing by Compass, ~~in its absolute and sole discretion,~~ then effective as of 5:01 p.m. Eastern Time on November 25, 2009 without further order of the Court the Motion shall be deemed granted, ~~in its entirety,~~ and pursuant to 11 U.S.C. § 362(d)(1), § 362(d)(2) and § 362(d)(3), Compass shall have relief from the automatic stay imposed by 11 U.S.C. § 362(a) to allow Compass (y) to continue and conclude the Foreclosure Action ~~in all respects~~ including, without limitation, by the foreclosure and sale of the Mortgaged Property pursuant to the Judgment, **and in accordance therewith,** and (z) to exercise its rights as a secured creditor with respect to the Mortgaged Property.

3. Without limitation or prejudice to the Court's right to transfer venue of the Debtor's instant bankruptcy case (the "Case") pursuant to 28 U.S.C. § 1412, **after notice and hearing,** the Case shall be maintained in full force and effect, **subject to further order of the appropriate court.** ~~and shall not be dismissed, until at least such time as Compass or its counsel~~

~~files a written notice with the Clerk of the Court stating that the foreclosure sale of the Mortgage Property has been completed and is final pursuant to applicable non-bankruptcy law.~~  This Order shall remain in full force and effect notwithstanding any transfer of venue of the Case**, subject to further order of the transferee court, if any**.

Dated: New York, New York
November 5, 2009

                                */s/ Allan L. Gropper*
                                HONORABLE ALLAN L. GROPPER,
                                UNITED STATES BANKRUPTCY JUDGE